IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LANDMARK AMERICAN INSURANCE CO.**                **PLAINTIFF**

**VS.**                      **CIVIL ACTION NO. 1:08CV79-HSO-JMR**

**BRADFORD-O'KEEFE FUNERAL HOME**              **DEFENDANT**

**ORDER DENYING PLAINTIFF'S MOTION TO
ENFORCE APPRAISAL AND TO DISMISS**

BEFORE THE COURT is Plaintiff's Motion to Enforce Appraisal and to Dismiss filed in the above captioned cause on May 26, 2009 [34-1]. Defendant filed its Response on June 19, 2009 [40-1], and Plaintiff a Reply on June 25, 2009 [42-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, the Court finds that the Motion should be denied, and that the above captioned cause should proceed with a complete appraisal process.

I. <u>FACTS AND PROCEDURAL BACKGROUND</u>

Landmark filed a Complaint for Declaratory Judgment in this matter on March 6, 2008 [1]. On March 14, 2008, Bradford-O'Keefe Funeral Homes [hereinafter "Bradford"] filed its Answer to the Complaint and asserted counter-claims for breach of contract and bad faith [5]. Landmark subsequently filed a Motion to Compel Appraisal /Motion for Summary Judgment [18, 20]. The Court entered an Order granting the parties' Joint Motion to Stay [30-1]. Landmark appointed Joseph Sanders of FKS Claims as its appraiser, and Bradford appointed

Jeff Pellet of Professional Insurance Estimating and Appraisals as its appraiser.

On May 26, 2009, Landmark filed a Motion to Enforce Appraisal Award and Dismiss [34-1, 36-1], contending that the appraisers had agreed on the amount of loss. Landmark moves to dismiss the above captioned cause on the grounds that because the "total amount of damages does not exceed the amount that has already been paid to Bradford by its primary wind carrier and its flood carrier, Landmark has no obligation to pay." Def.'s Mtn. to Enforce Appraisal at p. 2.

Bradford's Response in Opposition [40-1, 41-1], asserts that no agreement was reached by the appointed appraisers. Specifically, Bradford argues that:

> [n]o appraisal award has ever been rendered, no hearing held, and, indeed, no umpire appointed. The appraisers did not satisfy the policy's requirements that an umpire be appointed, that the value of the property be determined, or that the amount of the loss be adjudicated.

Bradford's Resp. to Mtn. to Enforce Appraisal at p. 2.

Bradford further contends that the appraisal award was not signed by two or more appraisers, as required by the policy. *Id.* at p. 4.

## II. DISCUSSION

The insurance contract between the parties provides, in relevant part, as follows:

**2. Appraisal**
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    a. Pay its chosen appraiser; and
    b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

Policy at p. 25, att. as Ex. "A" to Def.'s Mtn. to Compel Appraisal.

It is well settled in our jurisprudence that:

> An appraisal provision embedded in a property insurance contract is valid and enforceable in accordance with its terms. . . . 'Mississippi law favors amicable settlements of controversies without court involvement.' *Mitchell v. Aetna Cas. & Sur. Co.*, 579 F.2d 342, 350 (5th Cir. 1978)(citations omitted).

*Kuehn v. State Farm Fire and Cas. Co.,* 2009 WL 2567485, *7 (S.D. Miss. Aug. 17, 2009); *see also Bryant v. Prime Ins. Syndicate, Inc.,* 2009 WL 982792, *5 (S.D. Miss. Apr. 13, 2009); *Children's Imagination Station v. Prime Ins. Syndicate, Inc.,* 2008 WL 724049, *3 (S.D. Miss. Mar. 14, 2008).

In addition, it "is clear that [sic] under Mississippi law that the purpose of an appraisal is not to determine the cause of loss or coverage under an insurance policy; rather, it is 'limited to the function of determining the money value of the property' at issue." *Jefferson Davis County School Dist. v. RSUI Indem.*, 2009 WL 367688, at *2 (S.D. Miss. Feb. 11, 2009)(quoting *Munn v. Nat'l Fire Ins. Co.*, 115 So. 2d 54, 55 (Miss. 1959)).

The record before the Court reflects that the parties have yet to fully engage in and complete the appraisal process. First, the appraisal conducted by Saunders and Pellet from February 2008 to March 2009, did not culminate in a final appraisal award that was signed by these two appraisers. Second, the parties never selected an umpire to resolve differences, as required by the appraisal process.

Finally, whether both appraisers had access to full and complete records in order to make a full and complete damages assessment is questionable. For these reasons, the Court once more directs the parties to complete the appraisal process and to fully comply with the directives set forth in the policy.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion to Enforce Appraisal and to Dismiss filed in the above captioned cause on October May 26, 2009 [34-1, 36-1], should be and is hereby **DENIED,** and the above captioned cause is hereby **STAYED** pending completion of the appraisal process.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, counsel for the parties shall inform the Court when the appraisal process has concluded, or provide a status report no later than November 1, 2009, should the appraisal process not be completed by that date.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, based on counsel's representations, in the event the parties are unable to agree on the appointment of an umpire, leave is hereby granted to invoke this Court's jurisdiction for the limited purpose of appointment of an umpire for the appraisal process.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, any and all pending motions should be denied at this time without prejudice, with leave to reassert, if necessary, upon conclusion of the appraisal process.

**SO ORDERED AND ADJUDGED**, this the 11th day of September, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE